This is an appeal from an order denying a motion to dismiss the complaint for insufficiency. The complaint alleges a breach of contract in that the defendants failed to make payment after a deficiency occurred, although a formal demand was made. The action is brought upon that portion of a contract which provided the plaintiff with an option to make such demand, and further provided that “upon repayment” by the defendants, the plaintiff was to assign to them all of its property rights under the agreement. The claim of insufficiency is based upon the failure to allege a tender of all property rights under the contract at the time of the demand, the defendant urging that the contract was not one of guarantee but one of sale. However, even if it were a contract of sale, in these circumstances the failure of the defendants to respond to the plaintiff’s offer made a tender unnecessary. The agreement states that any assignment of property was to be made “ upon repayment ”. A reading of the contract indicates that when the plaintiff elected to notify the defendants of its intention to claim the deficiency, it became ineumbent upon them to assert their willingness to pay and, if defendants indicated a time and place for payment, it may then have become obligatory upon plaintiff at such time to make a tender. Short of that, an offer on the part of the plaintiff would be sufficient. Therefore, under the very terms of the contract, and in the circumstances, a failure to respond to the demand created liability without the necessity of any formal tender. Clearly, the plaintiff had the right to ascertain whether payment would be forthcoming before any assignment or tender thereof was to be made. Moreover, plaintiff’s demand annexed to the complaint expresses a willingness to perform the assignment upon repayment. The complaint is sufficient. The order appealed from is affirmed, with $20 costs and disbursements to respondent.
Concur — Botein, P. J., Rabin, Valente, McNally and Stevens, JJ.